DAVID L. GORDON
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611
(202) 514-3659

ALLAN URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 645-2921

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>WYETH HOLDINGS LLC,<br><br>Defendant. | Civil Action No. |

COMPLAINT

1.     The United States of America, by authority of the Attorney General, acting on behalf of the United States National Oceanic and Atmospheric Administration ("NOAA") and the United States Department of the Interior, Fish and Wildlife Service, ("DOI"), brings this complaint and states as follows:

## NATURE OF THE CASE

2.     This is a civil action for natural resource damages brought under Sections 107(a) and (f)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a) and (f)(1), for damages for injury to, destruction of, or loss of natural resources, as specifically identified herein, including the reasonable costs of assessing such injury, destruction or loss, resulting from the release of hazardous substances at or from the American Cyanamid Superfund Site (the "Site") in Bridgewater Township, Somerset County, New Jersey.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345 and Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b). This Court has in personam jurisdiction over the Defendant.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## PARTIES

5.     Plaintiff United States is acting on behalf of NOAA and DOI, which are Trustees for natural resources at or near the Site under Section 107(f)(2) of CERCLA, 42 U.S.C. § 9607(f)(2), 40 C.F.R. § 300.600 et seq., and 43 C.F.R. Part 11.

6.     Defendant Wyeth Holdings LLC is a Maine company with a principal place of business in New York, and is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

GENERAL ALLEGATIONS

7. The Site encompasses approximately 435 acres located primarily in Bridgewater Township with a portion of the Site in Bound Brook Borough, Somerset County, New Jersey, and further includes the nearby Raritan River, Cuckels Brook (formerly referred to as "Cuckhold's Brook"), and related tributaries, and wherever else hazardous substances and releases at or from the Site have come to be located.

8. The Site was used for chemical and/or pharmaceutical manufacturing operations from 1915 to 1999.

9. In December 1994, American Home Products Corporation purchased the American Cyanamid Company, which owned the Site since 1929.

10. In March 2002, American Home Products Corporation changed its name to Wyeth Corporation, which in October 2009 was purchased by Pfizer Inc. and became a wholly owned subsidiary of Pfizer, Inc. In October 2013, Wyeth Holdings Corporation changed its name to Wyeth Holdings LLC; however it remained a wholly-owned subsidiary of Pfizer, Inc.

11. During the time the Site was used for manufacturing, numerous organic and inorganic chemical raw materials were used.

12. As a result of these manufacturing activities at least 27 storage and disposal areas, referred to as "impoundments," were constructed and used at the Site.

13. Impoundments 3, 4, and 5 were used for disposal of process waste from manufacturing and industrial operations and contain or contained elevated levels of volatile organic compounds ("VOCs"), semi-volatile organic compounds ("SVOCs"), and/or metals.

14. Impoundments 13, 17, and 24 were used for disposal of wastewater sludge and contain elevated levels of VOCs, SVOCs, and/or metals.

15.	Impoundments 15 and 16 were used for the disposal of iron oxide waste.

16.	Groundwater underlying the Site is contaminated with VOCs, SVOCs, and metals, including benzene, chlorobenzene, ethylbenzene and xylene.

17.	Site soils contain VOCs, SVOCs, and inorganics.

18.	The Site was placed on the National Priorities List ("NPL") on September 8, 1983.  The NPL is a national list of hazardous waste sites posing the greatest threat to health, welfare, and the environment, and was established pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.

19.	In 2005, a Baseline Ecological Risk Assessment for the Site evaluated the ecological exposure to and risk of ecological effects from Site-related contaminants.

20.	 Based on the 2005 Baseline Ecological Risk Assessment, concentrations of metals in the Raritan River sediment and water exceed levels protective of ecological receptors.

21.	Based on the 2005 Baseline Ecological Risk Assessment, concentrations of mercury, chromium, arsenic, lead, PCBs, and benzyl 2-ethylthexyl phthalate in Cuckels Brook sediment were found to exceed screening levels.

22.	Portions of Cuckels Brook are considered impaired based on the results of benthic macroinvertebrate surveys and sediment bioassays conducted during the 2005 Baseline Ecological Risk Assessment.

23.	In December 2010, investigations at the Site revealed four seeps along the banks of the Raritan River discharging benzene and other VOCs into the River.

24.	NOAA and DOI have conducted a natural resource injury assessment and restoration planning to determine what injuries exist and the extent of those injuries to their shared trust resources in the Raritan River and Cuckels Brook.

25. Releases of hazardous substances at or from the Site have caused injury to, among other natural resources, the surface water, sediments, fish, benthic invertebrates, periphyton, and aquatic plants, of the Raritan River, Cuckels Brook, and/or its tributaries.

## CLAIM FOR RELIEF

26. The allegations in Paragraphs 1 through 25 are re-alleged and incorporated herein by reference.

27. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part as follows:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section-
>
> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal or any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
> \*      \*      \*
> from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for,
> \*      \*      \*
> (C) damages for injury to, destruction of, or loss of natural resources including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release;

28. There have been releases or threatened releases of hazardous substances into the environment at or from the Site, within the meaning of Sections 101(14), 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14), 9601(22) and 9607(a).

29. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

30. Defendant is an "owner" and "operator" of a facility within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

31.     The release of hazardous substances into the environment at or from the Site has resulted in injury to, destruction of, or loss of natural resources as aforesaid within the trusteeship of DOI and NOAA.

32.     DOI and NOAA have incurred and continue to incur costs related to the assessment of hazardous substances from the Site.

33.     Defendant is liable to the United States for natural resource damages resulting from releases of hazardous substances at or from the Site pursuant to Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C).

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that the Court:

1. Award Plaintiff a judgment against Defendant for all damages for injury to, destruction of, or loss of natural resources, as specifically identified above, and all reasonable costs of assessing such injury, destruction, or loss, resulting from the release of hazardous substances at or from the Site;

2. Award Plaintiff a judgment against Defendant, for all costs of this action, including attorney's fees; and

3. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

**FOR THE UNITED STATES OF AMERICA**:

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530

s/David L. Gordon
_____
DAVID L. GORDON
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611

PAUL J. FISHMAN
United States Attorney
District of New Jersey

ALLAN URGENT
Assistant United States Attorney
District of New Jersey